UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

TROY GOODMAN,

      Plaintiff,

v.                             Case No. 2:09-cv-00122

WEXFORD HEALTH SOURCES, INC.,
under M.O.C.C. control, or
the State of West Virginia's control,

      Defendant.

PROPOSED FINDINGS AND RECOMMENDATION

On February 11, 2009, Plaintiff filed a Complaint under 42 U.S.C. § 1983 (docket # 2), alleging that he received a pneumococcal polysaccharide vaccination on December 9, 2008, at Mount Olive Correctional Complex, experienced a reaction to the injection, and did not receive medical attention. Plaintiff's reaction involved redness, swelling, and "a little small problem in breathing." (Complaint, at 11.) He claims that prison staff threatened to write him up if he continued to complain. Plaintiff's Complaint does not allege that he has suffered any serious injury or consequence as a result of the injection.

Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the

complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.  In <u>Bell Atlantic Corp v. Twombly</u>, 127 S. Ct. 1955, 1968-69 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." <u>Id.</u> at 1964-65.

In <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"  The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" <u>Id.</u>, at 833.

To sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the prison official had a "'sufficiently culpable state of mind;'" that is, "'deliberate

2

indifference' to inmate health or safety." Id., at 834. (Citations omitted.)  The Supreme Court rejected an argument that an objective test of deliberate indifference be established.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id., at 837.

"In order to state a cognizable claim for denial of medical care under the Eighth Amendment, an inmate must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 104 (1976).  "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); see also Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986) (collecting cases).  "Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Gaudreault v. Munic. of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990).

Deliberate indifference may be demonstrated by

either actual intent or reckless disregard. <u>See</u> <u>Benson</u>
<u>v. Cady</u>, 761 F.2d 335, 339 (7th Cir. 1985). A defendant
acts recklessly by disregarding a substantial risk of
danger that is either known to the defendant or which
would be apparent to a reasonable person in the
defendant's position. <u>See</u> <u>id.</u> Nevertheless, mere
negligence or malpractice does not violate the Eighth
Amendment. <u>See</u> <u>Estelle</u>, 429 U.S. at 106.

<u>Miltier</u>, 896 F.2d at 851-852.

The burden of demonstrating deliberate indifference to a
serious medical need by correctional officials and healthcare
providers is very high.  It is well settled that:

A medical need serious enough to give rise to a
constitutional claim involves a condition that places the
inmate at a substantial risk of serious harm, usually
loss of life or permanent disability, or a condition for
which lack of treatment perpetuates severe pain. <u>See</u>
<u>Farmer</u>, 511 U.S. at 832-35; <u>Sosebee v. Murphy</u>, 797 F.2d
182-83 (4th Cir. 1986); <u>Loe v. Armistead</u>, 582 F.2d 1291,
1296-97 (4th Cir. 1978).

<u>Rush v. VanDevander</u>, 2008 WL 495651 (W.D. Va., Feb. 21, 2008);

<u>Banks v. Green Rock Correctional Center Medical Dept.</u>, 2007 WL

2903673 (W.D. Va., Oct. 3, 2007).

Likewise, disagreements between a health care provider and the

inmate over a diagnosis and the proper course of treatment are not

sufficient to support a deliberate indifference claim, and

questions of medical judgment are not subject to judicial review.

<u>Wright v. Collins</u>, 766 F.2d 841, 849 (4th Cir. 1985); <u>Russell v.</u>

<u>Sheffer</u>, 528 F.2d 318, 319 (4th Cir. 1975).  As noted by the Fourth

Circuit, an inmate is not entitled to unqualified access to health

care and treatment may be limited to what is medically necessary

4

and not "that which may be considered merely desirable" to the inmate. <u>Bowring v. Godwin</u>, 551 F.2d 44, 47-48 (4th Cir. 1977).

Taking all of Plaintiff's allegations as true, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff has failed to demonstrate that Defendant engaged in conduct that would constitute deliberate indifference to a serious medical need, sufficient to support an Eighth Amendment claim cognizable under 42 U.S.C. § 1983. Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Based on the foregoing findings, it is respectfully **RECOMMENDED** that Plaintiff's Complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915A, and that his Application to proceed without prepayment of fees or costs (# 1) be denied.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which

objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing parties, Judge Copenhaver and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

_____March 4, 2009_____
            Date

_Mary E. Stanley_
Mary E. Stanley
United States Magistrate Judge