UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

RECEIVED
MAR 10 2009
JOHN T. COPENHAVER, JR.
United States District Judge

TROY GOODMAN
    Plaintiff,

V.

Case no. 2:09-cv-00122

WEXFORD HEALTH SOURCES, INC.,
under M.O.C.C. control, or
the State of West Virginia's Control.,

    Defendant

3-7 FILED
MAR 16 2009
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

    Plaintiff has West Virginia Constitutional rights, aswell as United States Constitutional, and these rights are the Plaintiffs property. In Floyd V. Chesapeake, and O.Ry,. 112 W.Va. 66, 164 S.E. 28 (1932); Don S.Co. V. Roach, 168 W.Va. 605, 285 S.E.2d 491 - (1981). States, This section requires procedural safegard against State action that affects a liberty, or property interest.

    In West Virginia, General Elic. Co. V. A Dandy Appliance Co. 143 West Virginia. 491, 103 S.E.2d 310 (1958). " Extent of Protection", The due process guarantees of the United States, and West Virginia Constitutions extend protection to any significant property interest.

    In Wilhelm V. West Virginia Lottery, 198 W.Va. 92, 479 S.E.- 2d 602 (1996). Inherent in the due process clause of the State -- Constitution are both the concept of "Substantive due process -- and the concept of equal protection of the law. Here Plaintiff -- suffered pain, from the serious reactions of the injection, not a serious injury. The injury Plaintiff received is one, that cannot be seen, however can be felt. The substantive due process here is allowing a person lay, and suffer, when they were help, if only - the night nurse, and the C'O would get off their ▆▆▆ rumps, and gave

to assistance the Plaintiff. It appears they had more important matters to attend to other then worry about a persons life. Pray tell what that could have been. Plaintiff asserts, the substantive due process, is denying the Plaintiff his right to medical assistance when He was in alot of pain. Court asserts, Plaintiff experience a reaction to the injection, and did not receive Medical attention. Plaintiff was denied Medical attention.

It's as if the Court is suggesting the Plaintiff would have to lose a arm, or leg, or even his life before it would reach to the level of violation, of his 8th amendment right. Plaintiff disagrees. The Court cites, Bell Atlantic Corp V. Twombly, 127 S. Ct. 1955, 1968-69 (2007)., states, viewing the well-pleaded factual allegations in the complaint as true, and in light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Plaintiff ask how much more of a detail does a complaint need, other than stateing the facts, of what occurred. The complaint, states, what occurred, or the facts, and case laws, not just labels, and conclusions, or a formulaic recitation of the element of a cause of action.

This honorable court, cites Farmer V. Brennan, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide human conditions of confinement; "prison officials must ensure that inmates receive adequate food, clothing, shelter, and "medical care", and must take reasonable measures to guarantee the safety of the inmates. Plaintiff would like to ask if the prison officials duties, or one of the prison officials duties is to see an inmate receives "medical care", why when the Plaintiff was denied "medical care" the night in question, is it not enough

to claim a violation of the Plaintiff's Eighth Amendment right. - Plaintiff asserts, when he was denied medical care, this is not - taking reasonable measures to guarantee the safety of the inmate, this is reckless behavior on the prison official,& Medical Provider

The Court claims, to sustain an Eighth Amendment claim, a -- prisoner must show two things: (1). " the deprivation must be, the objectively, sufficiently serious; that is " denial of the minimal civilized measure of life's necessities." and (2). The prison official had a "sufficiently culpable state of mind;" that is, "-deliberate indifference' to inmate health or safty." Id., at 834. (Citations omitted.)

Plaintiff asserts, When the nurse gave him the vaccine, she gave him two pages of information concerning serious reactions, - and explained if Plaintiff has any of the reactions to ask to see a nurse, or a doctor right away. This was when he was denied, --- or his arm swelled so big, it looked like it was going to bust. - He ask to see a nurse, or doctor and was denied. I believe when a person's arm is ready to bust-open, it is a serious problem, and what ever it was making the Plaintiff's arm swell as it did, if - it had of went to the lungs, well I would not be here now trying to fight the courts for the wrongs the occurred. I know if this - had of occurred to the magistrate judge enstead of the Plaintiff, she'd not be citing the same laws as she has. But, that's neither here, or there. I believe when a person ask for help, and the --- medical care provider denies the help, and it could have been my life on the line, it is a measure of life's necessities. Without my life I would not need the necessities.

It's impossible for the Plaintiff to know what state of mind the prison official was in the night in question, but it certainly was not on the inmates health, or safty.

Plaintiff asserts, the prison official knew, even the nurse they were notified twice that night, but disregarded the excessive risk to the Plaintiff's health, or safety. If a person is -- subject to die from serious reactions, from the injection, it is a serious medical need. If the Judge had been injected by a health provider, and had the same reactions, or simular reactions she would be asking for, medical service, and if she did not receive it she'd be doing the same as Plaintiff. It's easy for the court cite case laws, and place the Plaintiff in a disadvantage, because he's no counsel.

Plaintiff would like to ask the Court, even the Medical Provider how can they claim denying him medical service is fundamental fairness, after injecting him with what cause the problem. -- It's the same as shoting him with a gun, and denying to help stop the bleeding, to safe his life. How can this be deemed tolerable, denying help is intolerable. Plaintiff is certain it's not fundamental fairness. Plaintiff should not have to die, just to make - his Eighth Amendment right ▓▓ be▓ violated.

The Court cites, Miltier V. Beorn, 896 F.2d 848, 851 (4th -- Cir. 1990). Rogers V. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986 (Collecting cases). and claims, serious medical needs are those - which have diagnosed by a physician as mandating treatment, or -- that are so obvious that a lay person would easily recognized the necessity for a doctor's attention. It's clear, when severe allergic reactions occur, and the vaccine papers state call a doctor, or get the person to a doctor right away if they have the reactions. Plaintiff is aware some doctor, or physician must have made

this diagnosis, or the papers would not exist. Plaintiff is a --- lay person, and he recognized the necessity for a doctor, because the nurse who gave him the vaccine told him what to look for. As to why the prison official disregards the risk or danger he was - placing the Plaintiff in that night, I have no clue. When one has a dog locked up, you feed, and water, and attend to their needs. why is it a human has a worse time receiving the same assistances It's not like I can come, and go as others. How much more of a -- serious harm, must a human incounter before his Eighth Amendment rights are violated. Pain, and suffering should be enough. I have no disagreements between the health care provider; my concerns is when I need medical assistance and get denied that's violating my rights to medical care, or constitutional right.

I want to court to know, I don't ask to see a doctor, or --- nurse unless I have a serious problem. The medical provider knows this. The court must have meconfused with someone else, or the -- Court's underminding just how serious getting injecting with a -- vaccine really is. Certain reactions can cause a person to die. In Queen V. West Virginia Univ. Hosps, 179 W.Va. 95, 365 S.E.2d - 375 (1987). Fundamental principles; There are certain fundamental principles in regard to procedural due process embodied in this - section, which are; (1). The more valuable the right sought to be deprived, the more safegards will be interposed. (2). Due process must generally be given before the deprivation occurs, unless a - compelling public policy dictates otherwise. (3). A temporary deprivation of right may not require as large a measure of procedual due process protection as a permanent deprivation.

Plaintiff asserts, no one used due process before deprivating him of his right to medical assistance, and he does have a --- right to medical care, by the medical provider at M.O.C.C., or -- Wexford Health Sources, Inc.

Plaintiff asserts, in Thorn V. Roush, 164 W.Va. 165, 261 S.E 2d (1979). Clark V. West Virginia Bd. of Regents, 166, W.Va. 702, 279 S.E.2d (1981). Threshold question in any inquiry into a claim that an individual has been denied Procedural due process is ---- whether the interest asserted by the individual rises to the ---- level of a property, or liberty interest protected by this section. Plaintiff asserts, the medical provider placed him in the --- situation he finds him-self in, if only the nurse, and C'O would have assisted, or gave him help when he needed, this could have been avoided, but blame the Plaintiff, or I should say make the poor person pay for the rich person's wrong doings. Plaintiff ask what's right about this ruling.

Plaintiff asserts, when He was denied Medical assistance, it was done so without due process. Not only Plaintiff's Eighth ---- Amendment right violated, they'res a host of other Constitutional rights being violated. Like his 5th, and 14th. The 5th states, -- nor be deprived of life, liberty, or property, without due process of law. The 14th states, nor shall any state deprive any ----- person of life, liberty, or property, without due process of law; nor deny any person within it's jurisdiction the equal protection of the law.

Plaintiff ask the Court, when a official refuses to bring a nurse to an inmates cell, "how" deliberate would the court say -- their actions are. I'm certain, that's just about as deliberate as it gets. Plaintiff is sure, the defendant engaged in conduct that would constitute deliberate indifference to a serious medical need, sufficient to support an Eighth Amendment claim, and --- will support a claim his 5th, 14th, Amendments rights are violate recognizable ----------------------------------------------

under 42 U.S.C. 1983. In Dallam V. Cumberland Valley School Dist. D.C. Pa. 1975, 391 F.Supp. 358. This Clause protects vested right only, and has no reference to mere concessions, or privileges --- which public authorities may control, and bestow, or withhold at will. Plaintiff asserts, the constitution controls the rights in claim.

Plaintiff has a constitutional right to access to the courts and when He's forced to pay for copies, when He's not financially able, He's being forced out of the court Proceedings, and being - deny access to the Court, for the violations done to him. See --- Ex part Santee, 2 Va. cas. (4va) 363 (1823). 278 S.E. 2d at 631. The Citizen who alleges that his rights have been criminally invaded is entitled to seek redress through the courts, and is so as entitled as a matter of constitutional right. The defendant on -- the night in question placed the Plaintiff's life in danger by -- his actions, and there is a certain aspect of his actions, that - are criminal. When a Person put's another person's life at risk - something about that is criminal. Not caring about the inmate's - health is danger's to the inmate, and is criminally invading the the right of that inmate by denying him medical assistance, when the inmate has a right to medical assistance.

Plaintiff ask for counsel, and in Moorse V. Hall it states, When a criminal defendant request counsel, it is the duty of ---- those in whose custody he is, to secure counsel within a reason-- able time. Plaintiff needs counsel to help him, or assistance him in this matter. It appears, Plaintiff is being deny counsel, and that another constitutional right being violated, his 6th Amendment right. Just because the Plaintiff is not financially able to hire counsel, does not mean his constitutional rights should - be ignored, or allowed to be violated by the medical provider.

In case no. 1:04-1052; filed 9-29-04; entered Jul 21-2004;-- with the United States District Court; Southern District of West-Virginia; A standing order Re:, Assignment and Referral of Civil Actions, and matters to magistrate Judges; It states, the type of jury, or nonjury civil matters assigned for all proceedings entry of judgment are: (1). Actions in which all parties have consented to proceed before a United State Magistrate Judge: (2). Applications for award of attorney's fees and expenses under the Social - Security Act (42 U.S.C. 301 et seq.) or the Equal Acess to ------ Justice Act (5 U.S.C. 504; 28 U.S.C. 2412). The standing order -- Supersedes all previous orders In Re; Assignment and Referral of Civil Actions and Matters to Magistrate Judges issued by this --- Court.

Plaintiff asserts, He ask that his civil case be placed be-- fore a jury, and allow them to see if his claim has merit, or --- rises to a claim supporting the violation of his Eighth Amendment right. Plaintiff ask for counsel under the Social Security Act, - the Equal Access to Justice Act. With out Counsel justice will be along time coming. Plaintiff asserts, the C.D.C., or the health, and human service center for disease control, and Prevention were the physician who diagnosed, what to do when severe allegric ---- reactions occurred, such as hives, difficutly breathing, shock. - The physician states, call a doctor, or get the person to a doct- or right away. This is not Plaintiff making allegations, or citing labels, conclusions, or a formulaic recitation of the elements of a cause of action. What's cited is from a physician.

The C.D.C., or health, and human service center for disease control, and Prevention are the Physicians who diagnosed the ---- language, or what to do when allegric reactions occurr. It's not in-u-window, or things the Plaintiff plucked from the air.-------

Plaintiff asserts, where the District Judge seems to be ----
underminding just how serious of a situtation the medical provid-
er, and the official placed him in that night; Plus him being ---
forced to pay court cost, and anyother cost that may arise from -
these proceedings, such as copies of petitions from Plaintiff, to
the opposite parties. Why force the Plaintiff to pay for the ----
wrongs on the opposite side, or the wrongs committed by the other
side. makes no sense.

In Canon 3, Judicial Code of Ethics. The Judge is as an ----
official of an athletic event; An umpire, or referee in a ballga-
me. As his duty, He must require all of the particpants to ball play -
by the rules. The referee, or umpire must not become an adversar-
ial participant in the secnario for if, He does, He brings discr-
edit to the integrity of the system.

For a Judge to participate as an adversary denies to the ---
people one fundamental element of due process; the right to an --
unbiased tribunal. W.Va. Const. Art, 17. As we noted in Preissler
supra. " to permit the judge to invoke the jurisdiction of his --
court sua sponte would place him in a position of a complaintant
in violation of the ancient homily of the law that no man be a --
judge in his own case.(footnote omitted). 260 S.E.2d at 285.

Plaintiff asserts, an umpire, or referee in a ballgame, does
not make, or force the opposite side pay, for a violation, or a -
wrong that occurred on the other side. Here the wrong, or violat-
ion comes from the health provider, and the official, not the ---
Plaintiff.  So why should the Plaintiff pay, for the other sides,
wrong, or violation. Plaintiff ask the court how is this playing
by the rules. The party that cause these action come about are --
the ones who should pay, not the Plaintiff. Court's ruling viola-
tes Judicial Code of Ethics, and Plaintiff's right to fair proceeding.

As stated this is not Plaintiff making allegations, if the - disease, and control center is incorrect, lay the blame at their door step. Plaintiff believes their diagnose is correct, he's no physician, and He's sure the Magistrate Judge is no physician, or is she. Plaintiff ask this Honorable Court, see they are no retaliation come upon him for filing this law-suit. Plaintiff also -- places a 50,000.00 attachment to his law-suit, for damages, or -- for pain, and suffering.

I declare under penalty of perjury that the foregoing is -- true, and correct, or to the best of my knowledge.

EXECUTED ON  3-7-09
             (Date)

_Troy Goodman_
Signature of Plaintiff

_____
Signature of Attorney
(if any)

RESPECTFULLY SUBMITTED

TROY GOODMAN

Troy B
M.O.C.C. Box 5
#1 Mount Side Way
Mt. Olive, W.Va. 25185

CORRESPONDANCE FROM INMATE
AT MOUNT OLIVE CORRECTIONAL COMPLEX

John T. Copenhaver
Clerk's Office
U.S. District Court
Robert C. Byrd, U.S. Courthouse
300 Virginia Street, East, Room 2400
Charleston, W.Va.
25301