United States District
Southern District of West Virginia
Charleston, W. Va.



Troy Goodman
  Plaintiff

v.                    Case no. 2:09-CV-00122

Wexford Health Sources, Inc.,
Under M.O.C.C. Control, or
State of West Virginia Control
            Defendant

"Amend"

Plaintiff request, Courts consent to alter his actions, in the lawsuit; Reason set forth; Two employees at M.O.C.C. altered, or distributed money, or equity from the lawsuit, without the honorable Courts final judgment. On, or about 4-21-09 twenty-five (25) dollars, and twenty (20) cents, was taken from Plaintiff's account, for copies of lawsuit, for all parties; The money, or personal property, is also damages, received by Plaintiff; in return makes it part of the suit.

As the honorable Court will note, Plaintiff ask to proceed, in forma pauperis. See Souder v. McGuire, 516 F.2d 820 (3d Cir. 1975).

over

2

the Courts discussion of a standards for determining whether to grant a forma pauperis application is relevant to civil right actions.

The Courts stated, We do not think that prisoners must totally deprive themselves of those small amenities of life, which they are permitted to acquire in a prison, or a mental hospital beyond the food, clothing, and lodging already furnished by the State.

An account of $50.07 cents would not purchase many such amenities; perhaps cigarettes, and some occasional reading material. These needs not be surrendered in order for a prisoner, or a mental patient to litigate in forma pauperis, in the district Court. 516 F.2d at 824. Plaintiff believes $50.07 cents back thirty-four years ago, would buy more amenities, for a prisoner, than $100.00 now days; Prices on everything has increased, while the wealth on the dollar, has decreased; inflation has hit the roof.

By the Librarian, or Clerk, or both their actions created a material alteration;

maybe not on paper, but the outcomes the same. The twenty-five (25) dollars, and twenty (20) cents was material attached to the lawsuit. See 384 A.2d 906, 909, i.e., that changes the rights, interests, and obligations of the parties, to the instrument, 217 A.2d 400, 406.

Plaintiff asserts, he had, and still has a right, and interest in the money, before the individuals stripped it from him, and it was done without procedural due process. The honorable Courts, final judgment, should be rendered, before money, or equity is taken; why make the Plaintiff suffer even more?

Under "Trust," property real, or personal, held by one party, for the benefit of another; "Such as the trustee Clerk;" It implies two interests, one legal, and the other equitable; The trustee holding the legal title, or interest; and the cestui que trust, or beneficiary holding the equitable title, or interest." 140 P.2d 335, 338.

See Kernan V. Tanaka, Hawai'i 1993, 856 P.2d 1207, 75 Haw. Certiorari denied 114 S.Ct.

over

4

1070, 510 US 1119, 127 L.Ed.2d 389. Appropriate process due in given situation requires consideration of three distinct factors; (1). Private interest that will be affected by official actions; (2). Risk of erroneous deprivation of such interest through procedures used, and probable value, if any, of additional, or substitute procedural safeguards; and (3). governments interest including function involved, and fiscal, or administrative burdens that additional procedures would entail. Actions by employees at M.O.C.C., - damaged Plaintiff, far more, than placing any burden, on the government.

Plaintiff asserts, after thirty-four (34) years whats, the amount of money, inmates are allow to have, before employees here at M.O.C.C. has the right, to start dressing it down? Plaintiff believes if, either party alters the lawsuit, or instrument on paper, or by actions, its only - fair, each party, has the same opportunity.

Plaintiff ask this honorable Court place safeguards against State actions which affect his personal property interest. See Floyd v.

5

Chesapeake, and O. Ry., 112 W.Va. 66, 164 S.E. 28 (1932).

Plaintiff asserts, where the two individuals, and or employees at M.O.C.C. violated, or infringed personal property without due process. He'd like to add, additional twenty-five (25) thousand dollars, to the lawsuit for punitive damages. See Fisher V. Volz, 496 F.2d 333 (2d Cir. 1974); Gill V. Manuel, 488 F.2d 799 (9th Cir. 1973), [34]. Where defendants have acted wilfully, or in gross disregards for the rights of the parties.

See Danio V. Emerson College, D. Mass. (1997), 963 F. Supp. 61. "Equal Protection Clause"; College employees allegation were sufficient to indicate that college officials were "employees subject to individual liability under Federal Equal Pay Act (F.E.P.A.), and Massachusetts Equal Pay Act, (M.E.P.A.), so as to survive officials motion to dismiss, for failure to state a claim. Each official held supervisory position over employee officials job title indicated substantial involvement in decisions affecting employees employment term, conditions, and compensation, and officials

over

6

seemingly had relative operational control in workplace. If the party claims, he signed a Voucher; its true, but Plaintiff was placed in a situation, where he was forced, to sign the voucher; he was told, if, you don't sign the voucher, you don't get the copies. Plaintiff had no other alternative.

See Fogle, Wash, (1995), 904 P.2d 722, 128 Wash 2d 56. Where due process concerns are implicated in an Equal Protection challege, - Courts will generally rest its decision on an Equal Protection analysis. Plaintiff understands, the very essence of Civil liberties certainly consists, in the "right", of every individual, to claim the protection, of the laws, whenever he receives an injury. See C.F.J. I case Co. v. Borak, 377 US 426, 433, 12 L.Ed.2d 423, 428, 84 S.Ct. 1555 (1964); Jacobs V. United States, 290 US 13, 16, 78 L.Ed. 142, 143, 54 S.Ct. 26, 96 A.L.R. 1 (1933);

Plaintiff asserts, elements of due process violation, generally; In order to establish claim of denial of procedural due process;

7

Plaintiff "must prove that he had constitutional protected property, or liberty interest that has been infringed by defendant. See Brown v. City of Galveston Tex, S.D. Tex (1994), 870 F.Supp. 155. Plaintiff's personal property, and or money, is a interest, protected by the Constitution.

See Collins v. City of Harker Heights, Tex, US Tex. (1992), 112 S.Ct. 1061, 503 US 115, 117 L.Ed.2d 261, plus Powell by and through Rrick v. District of Columbia D.C. (1993), 634 A.2d 403. "Purpose", due process clause of the Fourteenth Amendment was intended to prevent government from abusing its power, or employing it as instrument of oppression. Plaintiff understands, when he's forced to sign a voucher, for copies, of lawsuit, for all parties, this is government employees, employing an instrument of oppression; unless government employees has a right, to over-ride what Courts have stated, such as, We do not think Prisoners must totally deprive themselves of those small amenities of life, which they are premitted to acquire in a Prison. Plaintiff filed a letter with the Warden, on 4-23-09, but received no response,

over

8

I declare under penalty of perjury that the foregoing is true, and correct, or to the best of my knowledge.

Executed on: 4-30-09
             (Date)

Troy Goodman
Signature of Plaintiff

None
Signature of Attorney
(if any)

Respectfully Submitted
Troy Goodman

**ORDER TO WITHDRAW FUNDS**
**WARDEN'S TRUSTEE FUND**
**MT. OLIVE CORRECTIONAL COMPLEX**

| Dollars | Cents Only |
|---|---|
| 3 | 60 |

-USE INK ONLY-

This Order is approved as to Propriety of Transaction ONLY and NO responsibility is assumed as to sufficiency of amount in the Drawee's account. Identification of Resident is confirmed.

Print: _____

Sign: _____

Approved as to sufficiency of funds in Drawee's regular account.

_____
TRUSTEE CLERK

DATE: 4-28 20 09

PAY TO _____

Address _____ City _____ State _____ Zip _____

The Amount of: _____ DOLLARS

FOR Copies (WRITE OUT FULLY)

Must Stag Purpose of Article

Signature of Resident _Troy Goodman_ DOC# 22777

Approved _____ Warden

NCF-7243 1/2/01

Case 2:09-cv-00122   Document 7   Filed 05/04/09   Page 10 of 12



Troy Goodman #22777
M.O.C.C. Box 5
#1 Mnt. Side Way
Mt. Olive, W.V. 25185

CORRESPONDANCE FROM INMATE
AT MOUNT OLIVE CORRECTIONAL COMPLEX

Judge Copenhaver
Clerks Office
United States District Court
Southern District of West Virginia
300 Virginia Street East, Room 2400
Charleston, West Virginia 25301

Case 2:09-cv-00122   Document 7   Filed 05/04/09   Page 12 of 12