UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

TROY GOODMAN,

       Plaintiff,

v.                                        Civil Action No. 2:09-0122

WEXFORD HEALTH SOURCES, INC.,
under M.O.C.C. control, or
the State of West Virginia's control,

       Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

       This action was previously referred to Mary E. Stanley, United States Magistrate Judge, who submitted her Proposed Findings and Recommendation ("PFR") pursuant to 28 U.S.C. § 636(b)(1)(B).

       The court has reviewed the PFR entered by the magistrate judge on March 4, 2009.  The magistrate judge recommends that plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.  The magistrate judge further recommends that plaintiff's application to proceed without prepayment of fees and costs be denied.

Plaintiff filed objections to the magistrate judge's proposed disposition on March 16, 2009.[1]  The court has reviewed the plaintiff's objections and finds them to lack merit.[2]

Plaintiff is incarcerated at the Mount Olive Correctional Complex.  On December 9, 2008 he received a pneumococcal polysaccharide vaccine.  When plaintiff was vaccinated, a nurse gave him a pamphlet issued by the Department of Health and Human Services explaining, among other things, the risks associated with the vaccine.  (Pamphlet, Compl. at 13-14).  Under the heading "What if there is a serious reaction?" the

---

[1] Plaintiff's objections were received in chambers on March 10, 2009 and filed by the clerk on March 16, 2009.

[2] On May 4, 2009, plaintiff filed a motion to amend the complaint.  Plaintiff contends that his due process rights were violated when $25.20 was deducted from his account as payment for copies he made in connection with this litigation.  In recompense, plaintiff seeks to recover the $25.20 and asks the court to impose $25,000 in punitive damages.  Plaintiff concedes that he made $25.20 worth of copies, and signed a voucher evidencing his purchase.  As set forth below, plaintiff's application to proceed without prepayment of fees or cost is denied.  Even if plaintiff's application were granted, charging litigants for the costs associated with prosecuting a civil action is a normal and constitutional practice.  See Ossig v. Shaver, No. 02-1065, 2003 U.S. Dist. LEXIS 25797, at * 2 (D. Or. April 14, 2003) (concluding that "the manner in which the DOJ produces documents to inmates and the charge of $ .25 per page is not unreasonable.").  Quite simply, the deduction of $25.20 from plaintiff's account as payment for copies he admittedly made did not violate the Due Process Clause of the Fourteenth Amendment. It is accordingly ORDERED that the motion of the plaintiff to amend be, and it hereby is, denied.

pamphlet states:

> **What should I look for?**
> • Severe allergic reaction (hives, difficulty
> breathing, shock).
> **What should I do?**
> • **Call** a doctor, or get the person to a doctor right
> away.
> • **Tell** your doctor what happened, the date and time it
> happened, and when the vaccination was given.
> • **Ask** your doctor, nurse, or health department to
> report the reaction by filing a Vaccine Adverse Event
> Reporting System (VAERS) form.

(**Id.**)[3]  During the evening of December 11, 2008, plaintiff

experienced what he claims was a reaction to the vaccine.  In

plaintiff's words, "I had reactions such as redness, and

swelling, or -- disfiguring of the arm by swelling, a little

small problem in --- breathing.  I had hives working on me."

(Compl. at 11).  Following the onset of these ailments plaintiff

requested medical assistance.  While is not clear to whom

plaintiff's request was directed, it was denied by either "the

night nurse," (Obj. at 1), a correctional officer, (Obj at 1;

Compl. at 11) or "the night worker."  (Compl. at 11).[4]  Following

_____

[3] The underlined text is in bold type in the pamphlet.

[4] As the plaintiff is a prisoner prosecuting this action
without counsel, his complaint was submitted on a form created
for such circumstances.  Despite a directive in the form to state
only the facts of the case and not to "give any legal arguments
or cite cases or statutes," plaintiff's complaint is replete with
legal argument and citation, with only the barest of facts being
set forth.

the denial of his request, plaintiff was "threatened with a write up."  (Compl. at 11).

Following resort to the prison grievance process, plaintiff instituted this civil action.  Plaintiff claims that his Eighth Amendment right to freedom from "cruel and unusual punishments" was violated when he was denied medical care on the evening of December 11, 2008.  In recompense for this alleged wrong, plaintiff seeks a monetary award under 42 U.S.C. § 1983.

The Eighth Amendment prohibits "cruel and unusual punishments."  U.S. CONST. amend. VIII.[5]  The amendment "not only outlaws excessive sentences but also protects inmates from inhuman treatment and conditions while imprisoned."  <u>Johnson v. Quinones</u>, 145 F.3d 164, 167 (4th Cir. 1998) (quoting <u>Williams v. Benjamin</u>, 77 F.3d 756, 761 (4th Cir. 1996)).  It is a "settled rule that the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment."  <u>Hudson v. McMillian</u>, 503 U.S. 1, 5 (1992).  Cruel and unusual punishment, is not, however, a static concept.  "The showing necessary to demonstrate that particular conduct by

_____

[5] The Eighth Amendment's guarantee against cruel and unusual punishment is made applicable to the states by virtue of the Due Process Clause of the Fourteenth Amendment.  <u>See</u> <u>United States v. Georgia</u>, 546 U.S. 151, 157 (2006).

4

prison officials is sufficiently serious to constitute cruel and unusual punishment 'varies according to the nature of the alleged constitutional violation.'" De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003) (quoting Hudson, 503 U.S. at 5).  Thus, while "adequacy of medical care that the prison provides" is a condition of confinement within the purview of the Eighth Amendment, De'Lonta v. Angelone, 330 F.3d at 633, this "does not mean . . . that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment."   Estelle v. Gamble, 429 U.S. 97, 105 (1976). In the medical context, only "deliberate indifference to a serious medical need" rises to the level of cruel and unusual punishment.   West V. Atkins, 487 U.S. 42, 46 (1988); see Estelle, 429 U.S. at 104 ("We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment.") (internal citation and quotation marks omitted).

To establish the imposition of cruel and unusual punishment, "a prisoner must prove two elements -- that the deprivation of [a] basic human need was objectively sufficiently serious, and that subjectively the officials acted with a

5

sufficiently culpable state of mind." <u>Shakka v. Smith</u>, 71 F.3d 162, 166 (4th Cir. 1995) (internal quotation marks omitted). "With regard to inadequate medical attention, the objective component is satisfied by a serious medical condition." <u>Quinones</u>, 145 F.3d at 167. Most circuits hold that "a medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment <u>or</u> one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Blackmore v. Kalamazoo County</u>, 390 F.3d 890, 897 (6th Cir. 2004) (collecting cases). The subjective component of an Eighth Amendment claim based on failure to provide medical care "is satisfied by showing deliberate indifference by prison officials." <u>Quinones</u>, 145 F.3d at 167.

> "Deliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." <u>Farmer v. Brennan</u>, 511 U.S. 825, 835, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994). Basically, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer</u>, 511 U.S. at 837. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." <u>Farmer</u>, 511 U.S. at 844.

<u>Id.</u> (some internal citations omitted).

In recommending dismissal of this action, the

6

magistrate judge determined that the plaintiff "has failed to demonstrate that Defendant engaged in conduct that would constitute deliberate indifference to a serious medical need, sufficient to support an Eighth Amendment claim cognizable under 42 U.S.C. § 1983." (PFR at 5). The gist of plaintiff's objections is that this determination is wrong. Plaintiff asserts that he "suffered pain" and is therefore entitled to redress. (Obj. at 1).[6]

---

[6] In his objections, plaintiff looks to the law of West Virginia to support his claim. While plaintiff correctly notes that he possesses rights under the West Virginia Constitution, § 1983 does not provide a remedy for violations of an individual's state law rights. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 923 (1982) ("Title 42 U. S. C. § 1983 provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . .'")(quoting § 1983).

Plaintiff also asserts that his due process rights under the Fifth and Fourteenth Amendments were violated when he was denied medical care on December 11, 2008. (Obj. at 6). A state pretrial detainee's claim of deliberate indifference to a serious medical need is governed by the Fourteenth Amendment. See Mitchell v. Alusi, 872 F.2d 577, 581 (4th Cir. 1989). After the state has secured a conviction, however, such a claim is governed by the Eighth Amendment. See id. Plaintiff stands convicted by the State of West Virginia, and his claim is therefore governed by the Eighth Amendment. This, however, makes little practical difference as the same standard applies to deliberate indifference claims under the Eighth and the Fourteenth Amendments. See id.; Whisenant v. Yuam, 739 F.2d 160, 163 n.4 (4th Cir. 1984).

Plaintiff's other objections are completely without merit and need not be discussed.

Fed. R. Civ. P. 8(a)(2) requires a pleading stating a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Wexford Health Sources, Inc. ("Wexford") is the defendant in this action. While complaints filed by plaintiffs proceeding pro se are held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), plaintiff has failed to make any allegations as to Wexford's involvement in the decision to deny him access to medical care on December 11, 2008.  In fact, plaintiff has not specifically named any person involved in that decision, and as noted, it is unclear whether the person making the decision was a night nurse, a night worker or a correctional officer.  Plaintiff has therefore failed to state a claim for which relief can be granted.  See Scott v. Ozmint, 467 F. Supp. 2d 564, 569 (D.S.C. 2006) ("In order to prevail, the Plaintiff must prove that the specific prison official was deliberately indifferent to the requirements of the Eighth Amendment and that this indifference was the proximate cause of the Plaintiff's right to be free from cruel and unusual punishment.").

Even if plaintiff had named the actor or actors responsible for denying him medical care, his claim would still

8

fail.  Assuming a reaction such as plaintiff's might, in some
circumstances, constitute an objectively serious medical
condition, plaintiff has suffered no significant harm as a result
of being denied medical care.  In De'Lonta, our court of appeals
noted that, "[o]nly extreme deprivations are adequate to satisfy
the objective component of an Eighth Amendment claim regarding
conditions of confinement."  De'Lonta, 330 F.3d 634.  The court
went on to note that,

> [i]n order to demonstrate such an extreme deprivation,
> a prisoner must allege "a serious or significant
> physical or emotional injury resulting from the
> challenged conditions," [Strickler v. Waters, 989 F.2d
> 1375, 1381 (4th Cir. 1993)], or demonstrate a
> substantial risk of such serious harm resulting from
> the prisoner's exposure to the challenged conditions,
> see [Helling v. McKinney, 509 U.S. 25, 33-35 (1993)].

Id.  In his objections, plaintiff asserts that he "was in alot
[sic] of pain."  (Obj. at 2).  Under certain circumstances,
deliberate indifference to extreme pain may rise to the level of
cruel and unusual punishment.  By his own admission, however,
plaintiff's pain was apparently not insufferable inasmuch as,
after requesting medical assistance and being threatened with a
write up, he "told the CO [to] forget about it[,] I'll act as if
it didn't happen."  (Compl. at 11).  According to the complaint,
plaintiff suffered no other ill effects from the vaccine besides
the redness, swelling, slight difficulty breathing and hives

allegedly suffered on the evening of December 11, 2008.  These
ailments simply do not rise to the level of "serious or
significant physical or emotional injury."  <u>Strickler</u>, 989 F.2d
at 1381.

To recover under the Eighth Amendment based on a
substantial risk of serious harm, the plaintiff must, of course,
be subject to such a risk of harm.  Allegations that there was a
substantial risk of serious harm, which has passed without
materializing, do not state a claim under the Eighth Amendment.
As reasoned in <u>Strickler</u>, "[t]he Eighth Amendment . . . prohibits
cruel and unusual punishments.  If a prisoner has not suffered
serious or significant physical or mental injury as a result of
the challenged condition, he simply has not been subjected to
cruel and unusual punishment."  989 F.2d 1381.  This does not
mean, as plaintiff asserts, that a risk of harm must necessarily
ripen into actual harm for the Eighth Amendment to be violated.
(Obj. at 2).  Injunctive relief is available "in the absence of
actual injury 'to prevent a substantial risk of serious harm from
ripening into actual harm,' if the plaintiff is able to establish
that the prison personnel have been, and continue to be,
'knowingly and unreasonably disregarding an objectively
intolerable risk of harm."  <u>Lawrence v. Va. Dep't of Corrections</u>,

208 F. Supp. 2d 709, 720 (E.D. Va. 2004) (quoting Farmer, 511 U.S. at 845-46). Because plaintiff does not contend that he is currently at risk of substantial harm, that he may have faced such a risk in the past is of little moment. Any risk plaintiff may have faced has since passed without resulting in "serious or significant physical or emotional injury." This being the case, plaintiff has not been subjected to cruel and unusual punishment under the Eighth Amendment.

Nor has the plaintiff plead facts tending to show that "a prison official kn[ew] of and disregarded an objectively serious . . . . medical need." Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). The complaint simply states that plaintiff "ask[ed] for medical assistance." Nowhere, in either the complaint or plaintiff's objections, does plaintiff allege that he informed the night nurse, correctional officer or night worker that he had received a vaccine and that he was experiencing a reaction which the pamphlet deemed to necessitate medical attention. Nor does the plaintiff allege that whomever he requested medical attention from knew that he had been vaccinated and that his ailments were of the sort necessitating immediate medical attention. Plaintiff, therefore, has failed to set forth any facts which could satisfy the subjective component of a

deliberate indifference claim under the Eighth Amendment.

Inasmuch as the plaintiff's objections are not meritorious, and following de novo review, the court concludes that the disposition recommended by the magistrate judge is correct.  The magistrate judge's PFR is adopted and incorporated herein in its entirety.

Based on the forgoing, the court ORDERS that the plaintiffs's application to proceed without prepayment of fees and costs is denied and that this action be, and it hereby is, dismissed.

It is noted that plaintiff has thirty days from the entry of this order in which to appeal the dismissal of his case. See 28 U.S.C. § 2107(a); Fed. R. App. P. 4.  Failure within thirty days from this date to file with the Clerk of this court a notice of appeal of the memorandum opinion and order and the judgment thereon will render the memorandum opinion and order and the judgment thereon final and unappealable.

The Clerk is directed to forward copies of this memorandum opinion and order to counsel of record, the pro se plaintiff and the United States magistrate Judge.

                              DATED:  May 13, 2009

                              _____
                              John T. Copenhaver, Jr.
                              United States District Judge